OLF3 *(Official Local Form 3)*
*Effective December 1, 2017*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS**

In re:

    **Heather Dargin King
Joseph Timothy King, Jr.**
          Debtor(s)

Case No.: **17-13702-FJB**
Chapter 13

## CHAPTER 13 PLAN

*Check one.* This plan is:
- ☐ Original
- ☑ SECOND Amended *(Identify First, Second, Third, etc.)*
- ☐ Postconfirmation *(Date Order Confirming Plan Was Entered: _____ )*

Date this plan was filed: **July 27, 2018**

### PART 1: NOTICES

**TO ALL INTERESTED PARTIES:**
You should review carefully the provisions of this Plan as your rights may be affected. In the event the Court enters an order confirming this Plan, its provisions may be binding upon you. The provisions of this Plan are governed by statutes and rules of procedure, including Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), the Massachusetts Local Bankruptcy Rules ("MLBR"), and, in particular, the Chapter 13 rules set forth in Appendix 1 of MLBR, all of which you should consult.

**TO CREDITORS:**
Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. Read this Plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult with one. If you oppose this Plan's treatment of your claim or any other provision of this Plan, you or your attorney **must** file with the Court an objection to confirmation on or before the later of (i) thirty (30) days after the date on which the first Meeting of Creditors pursuant to 11 U.S.C. § 341 is held or (ii) thirty (30) days after service of an amended or modified Plan, unless the Court orders otherwise. A copy of your objection must be served on the Debtor(s), the attorney for the Debtor(s), and the Chapter 13 Trustee (the "Trustee"). The Bankruptcy Court may confirm this Plan if no objection to confirmation is filed or if it overrules an objection to confirmation. You have received or will receive a Notice of Chapter 13 Bankruptcy Case from the Bankruptcy Court which sets forth certain deadlines, including the bar date for filing a Proof of Claim. **To receive a distribution, you must file a Proof of Claim.**

**TO DEBTOR(S):**
You (or your attorney) are required to serve a copy of this Plan on all creditors in the manner required under the Bankruptcy Code, the Fed. R. Bankr. P., and MLBR. Unless the Court orders otherwise, you must commence making payments not later than the earlier of (i) thirty (30) days after the date of the filing of this Plan or (ii) thirty (30) days after the order for relief. **You must check a box on each line below to state whether or not this Plan includes one or more of the following provisions. If you check the provision "Not Included," if you check both boxes, or if you do not check a box, any of the following provisions will be void if set forth later in this Plan. Failure to properly complete this section may result in denial of confirmation of this Plan.**

**FOR EACH LINE BELOW, DO NOT CHECK BOTH BOXES; DO NOT LEAVE BOTH BOXES BLANK.**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Part 3.B.1, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Part 3.B(3). | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

### PART 2: PLAN LENGTH AND PAYMENTS

**A.  LENGTH OF PLAN:**

- ☐ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);
- ☐ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

- ☑ 60 Months. 11 U.S.C. § 1322(d)(2). The Debtor(s) states the following cause:
**Debtor cannot afford a Plan shorter than 60 months**

**B.  PROPOSED MONTHLY PAYMENTS:**

| Monthly Payment Amount | Number of Months |
|---|---|

| $730.00 | 7 |
| $714.00 | 53 |

### C. ADDITIONAL PAYMENTS:

*Check one.*

&#9745; **None.** *If "None" is checked, the rest of Part 2.C need not be completed and may be deleted from this Plan.*

**The total amount of Payments to the Trustee [B+C]:**      **$42,952.00.**
*This amount must be sufficient to pay the total cost of this Plan in Exhibit 1, Line h.*

## PART 3: SECURED CLAIMS

&#9744; **None.** *If "None" is checked, the rest of Part 3 need not be completed and may be deleted from this Plan.*

### A. CURE OF DEFAULT AND MAINTENANCE OF PAYMENTS:

*Check one.*

&#9744; **None.** *If "None" is checked, the rest of Part 3.A need not be completed and may be deleted from this Plan.*
&#9745; Any Secured Claim(s) in default shall be cured and payments maintained as set forth in (1) and/or (2) below.
*Complete (1) and/or (2).*

#### (1) PREPETITION ARREARS TO BE PAID THROUGH THIS PLAN

Prepetition arrearage amounts are to be paid through this Plan and disbursed by the Trustee. Unless the Court orders otherwise, the amount(s) of prepetition arrears listed in an allowed Proof of Claim controls over any contrary amount(s) listed below. Unless the Court orders otherwise, if relief from the automatic stay is granted as to any collateral listed in this paragraph, all payments paid through this Plan as to that collateral will cease upon entry of the order granting relief from stay.

    (a) Secured Claim(s) (Principal Residence)
        Address of the Principal Residence:     45 Calypso Lane, Marshfield MA
            The Debtor(s) estimates that the fair market value of the Principal Residence is: $    455,000

| Name of Creditor | Type of Claim (*e.g., mortgage, lien*) | Amount of Arrears |
|---|---|---|
| Bayview Loan Servicing | mortgage | $36,488 |
| Town of Marshfield | water and sewer | $500.00 |

Total of prepetition arrears on Secured Claim(s) (Principal Residence): **$36,988.00**

    (b) Secured Claim(s) (Other)

| Name of Creditor | Type of Claim | Description of Collateral (*or address of real property*) | Amount of Arrears |
|---|---|---|---|
| | | | |

Total of prepetition arrears on Secured Claim(s) (Other): **$0.00**
**Total prepetition arrears to be paid through this Plan [(a) + (b)]: $36,988.00**

#### (2) MAINTENANCE OF CONTRACTUAL INSTALLMENT PAYMENTS (TO BE PAID DIRECTLY TO CREDITORS):

Contractual installment payments are to be paid <u>directly</u> by the Debtor(s) to creditor(s). The Debtor(s) will maintain the contractual installment payments as they arise postpetition on the secured claims listed below with any changes required by the applicable contract and noticed in conformity with any applicable rules.

| Name of Creditor | Type of Claim | Description of Collateral |
|---|---|---|
| Bayview Loan Servicing | mortgage | 45 Calypso Lane Marshfield, MA |

### B. MODIFICATION OF SECURED CLAIMS:

*Check one.*

☑ **None.** *If "None" is checked, the rest of Part 3.B need not be completed and may be deleted from this Plan.*

C. **SURRENDER OF COLLATERAL:**

*Check one.*

☑ **None.** *If "None" is checked, the rest of Part 3.C need not be completed and may be deleted from this Plan.*

## PART 4: PRIORITY CLAIMS

*Check one*

☐ **None.** *If "None" is checked, the rest of Part 4 need not be completed and may be deleted from this Plan.*

☑ The following priority claim(s) will be paid in full without postpetition interest. Unless the Court orders otherwise, the amount of the priority portion of a filed and allowed Proof of Claim controls over any contrary amount listed below.

A. **DOMESTIC SUPPORT OBLIGATIONS:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

B. **OTHER PRIORITY CLAIMS (Except Administrative Expenses):**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

Total of Priority Claim(s) (except Administrative Expenses) to be paid through this Plan: **$0.00**

C. **ADMINISTRATIVE EXPENSES:**

(1) **ATTORNEY'S FEES:**

| Name of Attorney | Attorney's Fees |
|---|---|
| John Ullian, Esq. 542786 | $1,300.00 |

If the attorney's fees exceed the amount set forth in MLBR, Appendix 1, Rule 13-7, the Trustee may not pay any amount exceeding that sum until such time as the Court approves a fee application. If no fee application is approved, any plan payments allocated to attorney's fees in excess of MLBR Appendix 1, Rule 13-7 will be disbursed to other creditors up to a 100% dividend.

(2) **OTHER *(Describe)*:**

| -NONE- |
|---|

Total Administrative Expenses (excluding the Trustee's Commission) to be paid through this Plan [(1) + (2)]: **$1,300.00**

(3) **TRUSTEE'S COMMISSION:**

The Debtor shall pay the Trustee's commission as calculated in Exhibit 1.

The Chapter 13 Trustee's fee is determined by the United States Attorney General. The calculation of the Plan payment set forth in Exhibit 1, Line (h) utilizes a 10% Trustee's commission. In the event the Trustee's commission is less than 10%, the additional funds collected by the Trustee, after payment of any allowed secured and priority claim(s), and administrative expense(s) as provided for in this Plan, shall be disbursed to nonpriority unsecured creditors up to 100% of the allowed claims.

## PART 5: NON PRIORITY UNSECURED CLAIMS

*Check one.*

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

☐ **None.** *If "None" is checked, the rest of Part 5 need not be completed and may be deleted from this Plan.*
☑ **Any allowed nonpriority unsecured claim(s) other than those set forth in Part 5.F will be paid as stated below. Only a creditor holding an allowed claim is entitled to a distribution.**

☐ Fixed Amount ("Pot Plan"): each creditor with an allowed claim shall receive a pro rata share of $___, which the Debtor(s) estimates will provide a dividend of ___%.
☑ Fixed Percentage: each creditor with an allowed claim shall receive no less than _100_% of its allowed claim.

A. **GENERAL UNSECURED CLAIMS:** $366.00

B. **UNSECURED OR UNDERSECURED CLAIMS AFTER MODIFICATION IN PART 3.B OR 3.C:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

C. **NONDISCHARGEABLE UNSECURED CLAIMS** (*e.g., student loans*):

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | |

D. **CLAIMS ARISING FROM REJECTION OF EXECUTORY CONTRACTS OR LEASES:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

E. **TOTAL TO BE PAID TO NONPRIORITY UNSECURED CREDITORS THROUGH THIS PLAN:**

The amount paid to nonpriority unsecured creditor(s) is not less than that required under the Liquidation Analysis set forth in Exhibit 2.

Total Nonpriority unsecured Claims [A + B + C + D]: **$366.00**

Enter Fixed Amount (Pot Plan) or multiply total nonpriority unsecured claim(s) by Fixed Percentage and enter that amount: **$366.00**

F. **SEPARATELY CLASSIFIED UNSECURED CLAIMS** (*e.g., co-borrower*):

| Name of Creditor | Description of Claim | Amount of Claim | Treatment of Claim | Basis for Separate Classification |
|---|---|---|---|---|
| -NONE- | | | | |

Total of separately classified unsecured claim(s) to be paid through this Plan: **$0.00**

## PART 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

*Check one.*

☑ **None.** *If "None" is checked, the rest of Part 6 need not be completed and may be deleted from this Plan.*

## PART 7: POSTCONFIRMATION VESTING OF PROPERTY OF THE ESTATE

If the Debtor(s) receives a discharge, property of the estate will vest in the Debtor(s) upon entry of the discharge. If the Debtor(s) does not receive a discharge, property of the estate will vest upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case or (ii) dismissal of the case.

## PART 8: NONSTANDARD PLAN PROVISIONS

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed and may be deleted from this Plan.*
☑ **This Plan includes the following nonstandard provisions.** *Under Fed. R. Bankr. P. 3015(c), each nonstandard provision must be set forth below in a separately numbered sentence or paragraph. A nonstandard provision is a provision not otherwise included in Official Local Form 3, or which deviates from Official Local Form 3. Nonstandard provisions set forth elsewhere in this Plan are ineffective. To the extent the provisions in Part 8 are inconsistent with other provisions of this Plan, the provisions of Part 8 shall control if the box*

*"Included" is checked in Part 1, Line 1.3.*

*The following Plan provisions are effective only if the box "Included" in Part 1, Line 1.3 is checked.*

1. Administrative claims payable to The Law Firm of Ullian & Associates, P.C. shall be payable over the first 12 months after confirmation, subject to the provisions of Part 4.C.1.
2. The inclusion of a claim in this Plan is not an admission as to the amount of the claim, the Debtor reserves the right to object to the claim.
3. Bayview shall continue to send monthly statements to the Debtor in connection with the mortgage on 45 Calypso Lane, Marshfield, MA.

## PART 9: SIGNATURES

By signing this document, Debtor(s) acknowledges reviewing and understanding the provisions of this Plan and the Exhibits filed as identified below.

By signing this document, the Debtor(s) and, if represented by an attorney, the attorney for the Debtor(s), certifies that the wording and order of the provisions in this Plan are identical to those contained in Official Local Form 3, including the Exhibits identified below, other than any Nonstandard Plan Provisions in Part 8.

/s/ Heather Dargin King                              July 27, 2018
Heather Dargin King                                  Date
Debtor

/s/ Joseph Timothy King, Jr.                         July 27, 2018
Joseph Timothy King, Jr.                             Date
Joint Debtor

/s/ John Ullian, Esq.                                Date  July 27, 2018
Signature of attorney for Debtor(s)
John Ullian, Esq. 542786
542786 MA
The Law Firm of Ullian & Associates, P.C.
220 Forbes Road, Suite 106
Braintree, MA 02184
781-848-5980
john@ullianlaw.com

The following Exhibits are filed with this Plan:
- [✓] **Exhibit 1: Calculation of Plan Payment***
- [✓] Exhibit 2: Liquidation Analysis*
- [ ] Exhibit 3: Table for Lien Avoidance under 11 U.S.C. § 522(f)**
- [ ] Exhibit 4: [Proposed] Order Avoiding Lien Impairing Exemption**

*List additional exhibits if applicable.*

*Denotes a required Exhibit in every plan
**Denotes a required Exhibit if the box "Included" is checked in Part 1, Line 1.2.

**Total number of Plan pages, included Exhibits: 8**

EXHIBIT 1

CALCULATION OF PLAN PAYMENT

| | | |
|---|---|---|
| a) | Secured claims (Part 3.A and Part 3.B.1-3 Total): | $36,988.00 |
| b) | Priority claims (Part 4.A and Part 4.B Total): | $0.00 |
| c) | Administrative expenses (Part 4.C.1 and 4.C.2 Total): | $1,300.00 |
| d) | Nonpriority unsecured claims (Part 5.E Total): | $366.00 |
| e) | Separately classified unsecured claims (Part 5.F Total): | $0.00 |
| f) | Executory contract/lease arrears claims (Part 6 Total): | $0.00 |
| g) | Total of (a) + (b) + (c) + (d) + (e) + (f): | $38,654.00 |
| h) | Divide (g) by .90 for total Cost of Plan including the Trustee's fee: | $42,949.00 |
| i) | Divide (h), Cost of Plan, by term of Plan, **60** months: | |
| j) | Round **up** to the nearest dollar amount for Plan payment: | |

*If this is either an amended Plan and the Plan payment has changed, or if this is a postconfirmation amended Plan, complete(a) through (h) only and the following:*

| | | |
|---|---|---|
| k) | Enter total amount of payments the Debtor(s) has paid to the Trustee: | $5,824.00 |
| l) | Subtract line (k) from line (h) and enter amount here: | $37,125.00 |
| m) | Divide line (l) by the number of months remaining ( 52 months): | $713.94 |
| n) | Round up to the nearest dollar amount for amended Plan payment: | $714.00 |

Date the amended Plan payment shall begin:     July 1, 2018

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

EXHIBIT 2

LIQUIDATION ANALYSIS

## A. REAL PROPERTY

| Address<br>(Sch. A/B, Part 1) | Value<br>(Sch. A/B, Part 1) | Lien<br>(Sch. D, Part 1) | Exemption<br>(Sch. C) |
|---|---|---|---|
| 45 Calypso Lane Marshfield, MA 02050 Plymouth County | 455,000.00 | 535,500.00 | 0.00 |

| | |
|---|---|
| Total Value of Real Property (Sch. A/B, line 55): | $ 455,000.00 |
| Total Net Equity for Real Property (Value Less Liens): | $ 0.00 |
| Less Total Exemptions for Real Property (Sch. C): | $ 0.00 |
| Amount Real Property Available in Chapter 7: | $ 0.00 |

## B. MOTOR VEHICLES

| Make, Model and Year<br>(Sch. A/B, Part 2) | Value<br>(Sch. A/B, Part 2) | Lien<br>(Sch. D, Part 1) | Exemption<br>(Sch. C) |
|---|---|---|---|
| 2011 Kia Sportage 105000 miles | 3,000.00 | 0.00 | 3,000.00 |

| | |
|---|---|
| Total Value of Motor Vehicles (Sch. A/B, line 55): | $ 3,000.00 |
| Total Net Equity for Motor Vehicles (Value Less Liens): | $ 3,000.00 |
| Less Total Exemptions for Motor Vehicles (Sch. C): | $ 3,000.00 |
| Amount Motor Vehicle Available in Chapter 7: | $ 0.00 |

## C. ALL OTHER ASSETS (Sch. A/B Part 2, no. 4; Part 3 through Part 7. Itemize.)

| Asset | Value | Lien<br>(Sch. D, Part 1) | Exemption<br>(Sch. C) |
|---|---|---|---|
| appliances, furniture, household goods | 4,000.00 | 0.00 | 4,000.00 |
| 4 televisons, 1 laptop, 3 cellphones | 300.00 | 0.00 | 300.00 |
| clothing | 200.00 | 0.00 | 200.00 |
| jewelry | 2,500.00 | 0.00 | 2,500.00 |
| 1 dog | 20.00 | 0.00 | 20.00 |
| Cash | 40.00 | 0.00 | 40.00 |
| Checking: Eastern Bank | 300.00 | 0.00 | 300.00 |
| Savings: USAA | 200.00 | 0.00 | 200.00 |
| term policy Beneficiary: spouse | 0.00 | 0.00 | 0.00 |
| term policy Beneficiary: spouse | 0.00 | 0.00 | 0.00 |

| | |
|---|---|
| Total Value of All Other Assets: | $ 7,560.00 |
| Total Net Equity for All Other Assets (Value Less Liens): | $ 7,560.00 |
| Less Total Exemptions for All Other Assets: | $ 7,560.00 |
| Amount of All Other Assets Available in Chapter 7: | $ 0.00 |

## D. SUMMARY OF LIQUIDATION ANALYSIS

| Amount available in Chapter 7 | Amount | |
|---|---|---|
| A. Amount Real Property Available in Chapter 7 (Exhibit 2, A) | $ | 0.00 |
| B. Amount Motor Vehicles Available in Chapter 7 (Exhibit 2, B) | $ | 0.00 |
| C. Amount All Other Assets Available in Chapter 7 (Exhibit 2, C) | $ | 0.00 |
| **TOTAL AVAILABLE IN CHAPTER 7:** | $ | 0.00 |

## E. ADDITIONAL COMMENTS REGARDING LIQUIDATION ANALYSIS:

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

*OLF3A (Official Local Form 3A)*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:  
Heather King  
Joseph King  
      Debtor(s)

Case No. 17-13702  
Chapter 13

## Instructions to Debtor(s):

A. Pursuant to MLBR, Appendix 1, Rule 13-4(b), the Debtor(s) or Debtor(s)'s attorney shall cause a copy of the Plan to be served by first class mail or other permitted means upon the Chapter 13 trustee, all creditors of the debtor, all attorneys who have filed a notice of appearance and request service of all pleadings, and other parties in interest (collectively referred to as the "recipients") using this form, Official Local Form 3A ("OLF 3A"). You must list each recipient's name and mailing address in the Certificate of Service. Do not include account numbers or any personal identifier. See Fed. R. Bankr. P. 9037.

B. If in the Plan you request:

    (1) to limit, modify, or determine the amount of a secured claim (you checked the box "Included" in Part 1, Line 1.1); and/or

    (2) to avoid a judicial lien or nonpossessory, nonpurchase-money security interest (you checked the box "Included" in Part 1, Line 1.2 ),

you must, in addition to serving the Plan as set forth above in Section A and using OLF 3A, *ALSO* serve a copy of this Plan on the holder(s) of the affected claim(s) and any other entity the Court designates in the manner provided for service in accordance with Fed. R. Bankr. P. 7004, using the Affidavit of Service of Chapter 13 Plan, Official Local Form 3B ("OLF 3B").

C. If serving creditors only under Section A, file only OLF 3A with the Court after service is made. If serving creditors also under Section B, you must file both OLF 3A and OLF 3B with the Court after service is made.

## CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN

I/We hereby certify that on 7/27/2018_____(date) and in accordance with MLBR, Appendix 1, Rule 13-4(b), I/we served by first class United States mail a copy of this Plan to the on the parties on the attached list.

By the Debtor(s):

/s/ John Ullian  
Signature of Debtor(s)/attorney for Debtor(s)  
Print name John Ullian  
BBO Number (if applicable): 542786  
Firm name (if applicable): Address: The Law Firm of Ullian & Associates  
Telephone: 781-848-5980  
220 Forbes Road, Suite 106  
Email Address: john@ullianlaw.com  
Braintree, MA 02184

```
Label Matrix for local noticing          AMIP Management, LL as Servier for Wilmingto    Bayview Loan Servicing LLC
0101-1                                    3020 Old Ranch Parkway, Suite 180              Bankruptcy Dept.
Case 17-13702                             Seal Beach, CA 90740-2799                      4425 Ponce De Leo Blvd, 5th Floor
District of Massachusetts                                                                Coral Gables, FL 33146-1837
Boston
Wed Jun 27 11:21:40 EDT 2018

Boston                                    Bayview Loan Servicing                         Harbor Medical Assoc
U. S. Bankruptcy Court                    PO Box 650091                                  77 Accord Park Drive Bldg D4
J.W. McCormack Post Office & Court House  Dallas, TX 75265-0091                          Norwell, MA 02061-1652
5 Post Office Square, Suite 1150
Boston, MA 02109-3945

Harmon Law Offices PC                     Kristin A. Zilberstein                         Mass Bay Spine & Sport PT
150 California Street                     The Law Offices of Michelle Ghidotti           506 Plain Street, Suite 101
Newton, MA 02458-1005                     1920 Old Tustin Ave.                           Marshfield, MA 02050-2745
                                          Santa Ana, CA 92705-7811

Naturalawn of America                     (p)PORTFOLIO RECOVERY ASSOCIATES LLC           Peter Roberts & Assoc
American Profit Recovery                  PO BOX 41067                                   231 E Main Street, Suite 201
34405 W 12 Mile road, Suite 379           NORFOLK VA 23541-1067                          Milford, MA 01757-2821
Farmington, MI 48331-5608

Premier Diagnostics                       Premier Diagnostics                            South Coast Dermatology
54 Bodwell Stree, Suite C                 Stevens Business Service                       90 Libbey Parkway, Suite 200
Avon, MA 02322-1184                       92 Bold Street, Suite 1                        East Weymouth, MA 02189-3155
                                          PO Box 1233
                                          Lowell, MA 01853-1233

South Shore Hospital                      South Shore Hospital                           South Shore Hospital
55 Fogg Road                              PO Box 1021                                    c/o ROI
PO Box 360                                Pembroke, MA 02359-1021                        PO Box 62850
South Weymouth, MA 02190-0003                                                            Baltimore, MD 21264-2850

South Shore Orthopedics                   South Shore Radiological                       South Shore Women's Health
2 Pond Park, Suite 102                    PO Box 1079                                    PO Box 188
Hingham, MA 02043-4354                    Lewiston, ME 04243-1079                        South Weymouth, MA 02190-0002

Strata Pathology Services                 Town of Marshfield                             Wilmington Savings Fund Society, FSB, DBA
PO Box 417436                             Water & Sewer Department                       3020 Old Ranch Parkway
Boston, MA 02241-7436                     Town Hall                                      Suite 180
                                          Marshfield, MA 02050                           Seal Beach, CA 90740-2799

Carolyn Bankowski-13-12                   Heather Dargin King                            John Fitzgerald
Chapter 13-12 Trustee Boston              45 Calypso Lane                                Office of the US Trustee
P. O. Box 8250                            Marshfield, MA 02050-3601                      J.W. McCormack Post Office & Courthouse
Boston, MA 02114-0950                                                                    5 Post Office Sq., 10th Fl, Suite 1000
                                                                                         Boston, MA 02109-3901

John A. Ullian                            Joseph Timothy King Jr.
Law Offices of Ullian & Assoc.            45 Calypso Lane
220 Forbes Road                           Marshfield, MA 02050-3601
 Suite 106
Braintree, MA 02184-2711
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

PORTFOLIO RECOVERY ASSOCIATES, LLC
POB 41067
Norfolk, VA 23541

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Wilimngton Savings Fund Society

End of Label Matrix
Mailable recipients    28
Bypassed recipients     1
Total                  29